# FOURTH DEPARTMENT.

## GENERAL TERM, APRIL, 1874.

CRANDALL, assignee, v. COCHRAN *et al* ., appellants.

*Debtor and creditor — Compromise — fraud in — when creditor released from agreement of.*

The creditors of a debtor agreed to accept fifty per cent of their claims upon condition that no more was to be paid to any creditor. The fifty per cent was paid to M. & Co., a firm of the creditors who joined in the agreement and accepted; but G. & Co., another creditor firm who joined, required an additional sum, for which they accepted the debtor's note, which the debtor gave without the knowledge or consent of the other creditors. In an action by the assignee of the debtor to determine the claims of the creditors, *held*, (1) that the note in question was void as against the estate of the debtor, having been given in fraud of the agreement of compromise; (2) that M. & Co. were, in consequence of such fraud, released from the agreement made by them, and might claim the balance unpaid of the debt to them.

APPEAL from a judgment entered upon the report of a referee. The plaintiff, Albert W. Crandall, brought this action as assignee of the firm of Rivenburgh & Hopkins, against the various creditors of said firm, for the purpose of determining and settling the conflicting claims of the creditors of said firm to the funds in his hands. The material facts appear in the opinion.

*John H. White*, for appellants.

*E. R. Reynolds*, for respondent.

MULLIN, P. J. This is an appeal from a judgment on the report of a referee.

Prior to January 27, 1870, Rivenburgh & Hopkins were merchants at Albion, in Orleans county, and were owing Cochran,

McLean & Co., Curran, Goodwin & Co., and divers other persons and firms for goods, etc., purchased of them. Rivenburgh & Hopkins became embarrassed, and Rivenburgh, one of said firm, went to New York, where the creditors having the largest amount of claims against them resided, and proposed to compromise the debts so owing by said firm by paying fifty per cent of the same in full satisfaction and discharge thereof. Some five or six of the firms last mentioned signed an agreement to accept fifty per cent of their respective demands in satisfaction of the same, and the fifty per cent was then and there paid. Others of the creditors refused to accept fifty per cent, but insisted, some on the whole amount of their debts, others less than the whole, but more than fifty per cent. Notes of the firm of Rivenburgh & Hopkins were given for the amount agreed to be paid beyond fifty per cent, and several of these notes have been paid.

It is found as a fact in the case, that Cochran, McLean & Co. would not have signed said compromise but for their belief that the other creditors who signed the same received only fifty per cent of their debts. Cochran, McLean & Co. received only fifty per cent. It is also found that the agreement to give Curran, Goodwin & Co., notes in addition to the fifty per cent as a consideration for signing said compromise, was fraudulent and void, and that the agreement to pay to the firm last mentioned and other firms more than fifty per cent to induce them to sign said compromise, was fraudulent and void as against Cochran, McLean & Co.

After this compromise was effected by Rivenburgh & Hopkins they continued their business, purchasing goods of Cochran, McLean & Co. On the 7th day of July, 1871, they became insolvent, and assigned to the plaintiff all their property for the benefit of their creditors. The assignee entered upon his duties as such trustee and has converted the assigned property into money and is prepared to distribute the same among the creditors. Those having debts due from said assignors have presented the same to the assignee for payment. Among those who present claims are Cochran, McLean & Co. for the debt contracted after the compromise was entered into, which is conceded to be a valid debt, and also for the balance of the debt not paid at the time of the compromise. This claim is made on the ground that the agreement to discharge one-half of the debt was obtained fraudulently and is therefore void, and the unpaid part of the debt is revived.

Cochran, McLean & Co. deny the right of Curran, Goodwin & Co. to payment of the note received by them in addition to the fifty per cent to induce them to sign this compromise agreement. This action is brought by the assignee to determine the validity of the debts of the several creditors claiming a share of the assets in his hands and to settle his account as trustee. Cochran, McLean & Co. appear in the action and answer.

The issues were referred, and the referee finds the facts above stated, with others not necessary to be considered, and his conclusions of law are, 1st. That Cochran, McLean & Co. are not entitled to share in the distribution of the fund in the hands of the assignee; and 2d. That Curran, Goodwin & Co. are not entitled to share in it.

He then determines the sums to be paid out of said assets before any thing is paid to creditors, and he then directs distribution among those found entitled to share therein.

The findings of the referee that the compromise agreement is binding on Cochran, McLean & Co. is, to say the least of it, a very singular one. They received only the sum agreed to be received by way of compromise. Curran, Goodwin & Co. received their whole debt. The agreement with them, and the note received in performance of it, are held fraudulent and void, while that with Cochran, McLean & Co. is held to be valid.

The compromise was effected upon the representation and assurance, to at least some of the creditors, that no creditor should receive more than fifty per cent of his debt. More was paid to some of them, and this, upon those principles of fair dealing which should regulate transactions among men, rendered the compromise agreement void as to all those who were induced to unite in the compromise by the representation that no creditor would receive more than one-half of his debt. The payment, or the agreement to pay, more than fifty per cent was fraudulent and void. If that agreement was void, it necessarily followed that the balance of the debt was revived.

Had a release under seal been signed by Cochran, McLean & Co., can it be doubted but that a court of equity would set it aside, and when set aside the debtor would have no defense to an action for the balance of the debt?

It is insisted by the respondent's counsel that as the referee has not found fraud, we cannot assume the transaction to be fraudulent. This is an equity case, and the court can review the findings

of fact, and in this case the fraud is the necessary and logical conclusion from the facts found by the referee. It is not essential that a referee should find in express terms that a transaction is fraudulent, it is enough that the facts found render the transaction fraudulent.

This is not a case in which a return or offer to return the fifty per cent paid on the compromise should be alleged or proved. If Hart, who paid the fifty per cent agreed to the creditors, had paid that money out of his own pocket, the creditors receiving it would have been obliged to return it or carry out the agreement of compromise. But since the amount paid by Hart, if he paid in the first instance out of his own means, was subsequently refunded to him, we must treat that payment as made by Rivenburgh & Hopkins, and so treating it, the creditor has received from his debtor one-half of his debt. Why should the creditor be required to pay it back? The debtor would have been discharged from the unpaid balance if he had not been guilty of a gross fraud on the creditor. If Cochran, McLean & Co. had sued Rivenburgh & Hopkins, and they had set up the compromise as a defense to the action, it would have been a perfect reply that it had been obtained by fraud.

The same principles must be applied in this proceeding. The fund in the hands of the assignee stands in place of the debtor, and a suit against the debtor would only enable the creditor to reach the debtor's property in whose hands soever it might be.

The case of *Breck* v. *Cole*, 4 Sandf. 84, is no authority for the finding of the referee in this case as to the claim of Cochran, McLean & Co.; on the contrary, it requires the finding that the agreement to compromise was fraudulent and void. It justifies the finding of the referee that the note of Curran, Goodwin & Co. cannot be allowed as a claim against the fund in the hands of the assignee.

The judgment that the demand of Cochran, McLean & Co. should not be allowed any share of the fund in the hands of the referee is reversed, and a provision must be inserted in the judgment allowing said claim and directing its payment by the assignee. The judgment as modified is affirmed.

The plaintiffs' costs of the appeal are to be paid out of the fund, and the costs of Cochran, McLean & Co. are to be paid by Curran, Goodwin & Co.

*Judgment accordingly.*